UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10 – 23 –15

- - - - - - - - - - - - - - - - - - - - - - - - -

ROY BROCK,                                :

       Plaintiff,                        :

       -against-                          :

WENDE CORRECTIONAL FACILITY,        :

       Defendant.                        :

- - - - - - - - - - - - - - - - - - - - - - - - -

03cv2594

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

          Petitioner pro se Ray Brock filed a "Notice of Petition" (the "Petition") seeking reconsideration of the denial of his petition for habeas corpus under 28 U.S.C. § 2254, which challenged his conviction for Robbery in the First Degree.  On August 13, 2015, Magistrate Judge Andrew J. Peck issued a Report and Recommendation (the "Report"), recommending that this Court deny the Petition because (1) any request for reconsideration would be untimely, and (2) Brock has neither sought nor received authorization from the United States Court of Appeals for the Second Circuit to file a successive habeas petition.  Brock filed objections to the Report on August 21 and August 27, 2015.  For the following reasons, and after a de novo review of Brock's objections and the full record, this Court adopts the Report and denies Brock's petition.

## BACKGROUND

          On April 8, 1998, Brock was convicted of Robbery in the First Degree and sentenced to a term of 20 years to life. See People v. Brock, 293 A.D.2d 294 (1st Dep't 2002).  Five years later, Brock filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  That petition was denied by then-District Judge Denny Chin on April 26, 2004.  Thereafter, Judge Chin denied Brock's motion for reconsideration.  The Second Circuit dismissed Brock's appeal on September 30, 2004.  Nearly eleven years later, Brock filed this petition on July 7,

2015. He argues that recent state-court decisions call into question the reliability of convictions based on single-witness identification testimony.

## DISCUSSION

### I.   Legal Standard

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo those parts of the Report to which objections are made and reviews the remainder for clear error on the face of the record. See 28 U.S.C. § 636(b)(1). "A petition for habeas corpus cannot be granted unless the state court's ruling 'resulted in a decision that was contrary to, or involved an unreasonable interpretation of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Eisemann v. Herbert, 401 F.3d 102, 110 (2d Cir. 2005) (quoting 28 U.S.C § 2254).

### II.   Motion for Reconsideration

This Court treats Brock's motion for reconsideration of denial of habeas corpus as a motion under Federal Rule of Civil Procedure 60(b). A Rule 60(b) motion must "be made within a reasonable time,"[1] taking into consideration "the particular circumstances of the case, and balance the interest in finality with the reasons for delay." PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983). Here, the nearly 11-year period that has elapsed is far longer than what is considered reasonable in the Second Circuit. See Carbone v. Cunningham, 857 F.

---

[1] Local Civil Rule 6.3 further states that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment."

Supp. 2d 486, 488 (S.D.N.Y. 2012) (Koetl, J.) (collecting cases and denying a pro se motion for reconsideration filed four years after the district court had denied the underlying habeas petition).

    III.    <u>Successive Petition</u>

        Even construing Brock's Petition as a successive habeas petition rather than a motion for reconsideration, this Court would still deny it.   28 U.S.C.A. § 2244(b)(3)(A) requires petitioners seeking to file a "second or successive habeas application" to "move in the [United States Court of Appeals for the Second Circuit] for an order authorizing the district court to consider the application."  There is no indication that Brock sought such a petition, and his argument that this requirement should be "waived" is unavailing.

<u>CONCLUSION</u>

        For the foregoing reasons, this Court adopts Magistrate Judge Peck's August 13, 2015 Report and Recommendation and denies Brock's petition.  In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).  The Clerk of the Court is directed to terminate any pending motions and mark this case closed.

DATED:   October 23, 2015
          New York, New York               SO ORDERED:

                                        WILLIAM H. PAULEY III
                                          U.S.D.J.

3

*Copy Mailed To*:
Roy Brock
Wende Correctional Facility
P.O. Box 1187 Wende Road
Alden, NY 14004

*Petitioner* <u>*Pro Se*</u>